<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., | : | |
| | : | |
| Plaintiff, | : | **Civil Action No. 11-2490 (SRC)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ONSTAR, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on Defendant OnStar, LLC's ("Defendant" or "OnStar") motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [docket entry 25]. Plaintiff Automotive Technologies International, Inc. ("Plaintiff" or "ATI") has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant Defendant's motion and will transfer this action to the United States District Court for the Eastern District of Michigan.

I.    **BACKGROUND**

Plaintiff, a Delaware corporation with its principal place of business in New Jersey, filed this trademark infringement action in the United States District Court for the District of New Jersey on April 29, 2011, against OnStar Global Services Corporation ("OnStar Global"), an

OnStar subsidiary.  Nearly two months later, on June 20, 2011, OnStar Global moved to dismiss ATI's complaint for lack of personal jurisdiction and improper venue.  On the same day, OnStar filed a complaint in the Eastern District of Michigan seeking a declaratory judgment of noninfringement and invalidity as to the patent ATI asserted against OnStar Global in New Jersey.  Subsequently, on July 15, 2011, Plaintiff filed a motion to amend the original complaint to designate the correct entity, OnStar, as the defendant.  This motion was granted on September 12, 2011 by the District Court of New Jersey, which also denied OnStar Global's motion to dismiss as moot.

Plaintiff's Amended Complaint accuses OnStar, a Michigan corporation with its principal place of business in Michigan, of infringing on U.S. Patent No. 7,672,756 by selling "a service that uses the Internet to transmit vehicle diagnostic information including crash notification information from a vehicle to a remote site."  (Compl. at ¶¶ 8-10.)  Defendant now moves to transfer venue to the United States District Court for the Eastern District of Michigan.

## II.   DISCUSSION

In federal court, transfer of venue is governed by two statutes: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406.  "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper.  Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir.1995).  In this case, Defendant moves to transfer

pursuant to 28 U.S.C. § 1404(a).[1]  That provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum."  *Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007).

As a threshold matter, the Court concludes that the proposed transferee district, the

---

[1]  In its moving brief, Defendant also argues that this case warrants transfer to the Eastern District of Michigan under the first-filed rule.  "In all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it."  *Allianz Life Ins. Co. of N. Am. v. Estate of Bleich*, No. 08-668, 2008 U.S. Dist. LEXIS 90720 at *6 (D.N.J. Nov. 7, 2008); *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988).  The first-to-file rule is a "policy of comity" which "counsel[s] trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases in different federal district courts."  *EEOC*, 850 F.2d at 971.  The rule gives courts the power to stay, enjoin, or transfer a later-filed case.  *Allianz*, 2008 U.S. Dist. LEXIS 90720 at *7.

While Plaintiff commenced suit in the District of New Jersey prior to Defendant filing its Michigan declaratory judgment action, Plaintiff named the incorrect defendant in its complaint and, following a challenge to the court's personal jurisdiction, amended to name the proper party. According to Defendant, because it filed the Michigan declaratory judgment action prior to the amendment, the first-filed rule applies, mandating that the Michigan action be deferred to. However, it is not clear that the rule applies under the facts of this case because Plaintiff initiated litigation in this district before Defendant ever filed its declaratory judgment action. Furthermore, even if applicable, the first-filed rule is of doubtful relevance in the present matter since the rule's primary purpose is to prevent defendants from engaging in forum shopping after they have been sued.  *See EEOC*, 850 F.2d at 972 (the first-filed rule "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or **forum shopping**") (emphasis added).

It is additionally worth noting that the Federal Circuit has instructed that a first-to-file inquiry should generally give way to an examination of the relative convenience of competing forums, in accordance with the § 1404(a) analysis.  *Micron Tech. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) ("Instead of . . . automatically going with the first filed action, the more appropriate analysis takes account of the convenience factors under 28 U.S.C. § 1404(a).").

3

Eastern District of Michigan, is one in which this action could have been brought.  An action might have been brought in another district if (1) venue is proper in the transferee district, and (2) the transferee district can exercise jurisdiction over all the parties.  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970).  In a patent infringement action, venue may lie "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  Here, venue is proper in the transferee district because a substantial part of the events concerning this lawsuit - such as the design and development of the OnStar service - occurred in Michigan, where Defendant's headquarters and principal place of business are located.  As to personal jurisdiction over the parties in Michigan, no party has raised an objection to the transfer based on lack of jurisdiction over Defendant in the proposed transferee district.  It appears to this Court from the information available to it that Defendant would be subject to personal jurisdiction in Michigan.  According to the Amended Complaint, Defendant's headquarters and principal place of business located are located in Detroit, Michigan where OnStar's research, design, development, sales, marketing, and financial operations all occur.[2]  Thus, the Eastern District of Michigan is another district, besides the District of New Jersey, in which this action may have been brought.  *See* 28 U.S.C. § 1391(b) and § 1404(a).

Having found that the proposed transferee district is a proper one for this suit to proceed, the transferor court must proceed to evaluate whether a venue transfer would further the goals of

_____

[2]  Plaintiff appears to contest its amenability to suit in Michigan.  However, this is irrelevant for purposes of § 1404(a); only Defendant's amenability to suit in the transferee forum is of concern.  Moreover, Defendant avers, and Plaintiff does not dispute, that Plaintiff was a resident of Michigan until recently, still maintaining an office in the state, and that Plaintiff has filed numerous patent infringement lawsuits in the Eastern District of Michigan.

§ 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). This evaluation calls for this Court to balance various private and public interests related to the transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In *Jumara*, the Third Circuit provided a list of factors a district court should consider. The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum)." *Id.* The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

The party moving for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs strongly in favor of transfer. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947); *Jumara*, 55 F.3d at 879. "The burden is not on the plaintiff to show that the proposed alternative forum is inadequate. On the contrary, the burden is on the moving party to show the proposed alternate forum is not only adequate but also more convenient than the present forum." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 480 (D.N.J.1993).

5

The balance of *Jumara*'s private and public interest factors weigh in favor of transfer in the present matter.  The Court's consideration of the first two private factors favor transfer to Michigan, a forum with a connection to the facts and principal alleged infringing party.  While a plaintiff's choice of forum is typically given great weight in deciding a motion to transfer venue, the plaintiff's choice deserves less deference when the chosen forum has little connection to the facts underlying the claims.  *See Wm. H. McGee & Co. v. United Arab Shipping Co.*, 6 F. Supp. 2d 283, 290 (D.N.J. 1997) *quoting Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (holding that deference is curbed when a plaintiff's choice of forum has little connection with the operative facts of the lawsuit).  "This is especially true in patent infringement cases" where the district court ought to be as close as possible to the area of the infringing device and the hub of activity centered around its production.  *See LG Elecs. Inc. v. First Int'l Computer*, 138 F. Supp. 2d 574, 590 (D.N.J. 2001); *Ricoh*, 817 F. Supp. at 481.  In patent infringement cases, appropriate considerations include the location of a product's development, testing, research and production, and the place where marketing and sales decisions were made.  *Ricoh*, 817 F. Supp. at 481.  Here, the center of gravity of the allegedly infringing activity has occurred in Michigan where the accused device was researched, developed, tested and produced, and where all the relevant marketing and sales decisions were made.  None of this activity has occurred in New Jersey.  Plaintiff's choice of a foreign forum carries little sway, therefore, when balanced against Defendant's preference to transfer this case to Michigan, where its core offices are located and where the operative facts of this litigation are centered.

As such, the third private factor also militates in favor of transfer.  The "locus of the alleged culpable conduct" determines the place where the claim arose.  *Van Cauwenberghe v.*

6

*Biard*, 486 U.S. 517, 529 (1988).  Here, the circulation of the development and production of the infringing device occurred in Michigan.

The fourth private factor constitutes, at best, a neutral consideration.  In favor of Defendant's argument for transfer, OnStar is physically located in Michigan, indicating greater convenience to Defendant in litigating this case in the proposed transferee district.  While Plaintiff is located in New Jersey and personal convenience would support keeping this case in New Jersey, neither financial considerations nor physical location would appear to pose a particular impediment to Plaintiff's ability to litigate this action in the Defendant's preferred venue, as demonstrated by Plaintiff's willingness to litigate other patent infringement cases in the state.

As for the convenience of the witnesses, the Court finds that it favors transfer.  Defendant has shown that proceeding in New Jersey is likely to result in serious inconvenience for witnesses who, all located in and around Detroit, Michigan, will be unable or unavailable to testify in this forum.  *See Jumara*, 55 F.3d at 879 (noting that convenience of witnesses is a factor to be considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora.").  In addition, Plaintiff has only identified one witness, its President David Breed, who resides in New Jersey.  Finally, it is worth noting that while the majority of the relevant books records are located in Michigan, this is of no particular significance to the venue transfer analysis since Defendant has presented no evidence that they could not be produced in the alternate forum.  *See id.* (noting that the location of books and records is a factor to be considered only "to the extent that the files could not be produced in the alternative forum.").

Turning to the public factors, the Court concludes that they also favor transfer.  Most of

7

the factors - enforceability of judgment, relative administrative difficulty, fora's public policy and familiarity of trial judge with applicable state law - bear no significance in the analysis. Practical considerations, however, favor Michigan over New Jersey, as the majority of the witnesses and records are located in Michigan. Furthermore, Michigan has a greater interest in deciding this case since the infringement claim arose in that forum. *See LG Elecs.*, 138 F. Supp. 2d at 592 (noting that the public interest factor of deciding local issues locally is intertwined with the private interest factor of where the claim arose). Also weighing in favor of transfer to Michigan is the fact that judges and juries in the community where these events took place are the preferred arbiters. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947).

Thus, on balance, the Court finds that Defendant has shown that the relevant private and public factors weigh in favor of transfer. Defendant, in short, has successfully carried the burden of demonstrating that the proposed alternative forum is more convenient than the one chosen by Plaintiff. Accordingly, this action will be transferred to the Eastern District of Michigan.

## III.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to transfer this case to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). An appropriate form of Order will be filed together with this Opinion.

s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: December 15, 2011

8